**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26349-CIV-MARTINEZ**

ALEXIS MORENO GONZALEZ,

Petitioner,

v.

U.S. IMMIGRATION AND
CUSTOM ENFORCEMENT,
*et al.*,

Respondents.
_________________________________/

# ORDER

**THIS CAUSE** comes before the Court on Respondents' Notice of Similar or Refiled Action (the "Notice") [ECF No. 4]. In the Notice, Respondents inform the Court that *pro se* Petitioner Alexis Moreno Gonzalez has filed three previous Petitions for Writ of Habeas Corpus Under 28 U.S.C. § 2241 in this District. (*See id.*). One of those petitions was denied as premature, one was denied as moot, and one remains pending. (*See id.*); Order, *Moreno Gonzalez v. Krome North Service Processing Center* [hereinafter *Krome*], Case No. 1:26-cv-23285-AHS (S.D. Fla. May 26, 2026), Dkt. No. 10; Order, *Krome*, Case No. 1:26-cv-23285-AHS (S.D. Fla. Aug. 26, 2026), Dkt. No. 12; Pet., *Moreno Gonzalez v. Warden of Krome SPC*, Case No. 1:26-cv-25871-BB (S.D. Fla. Aug. 26, 2026), Dkt. No. 1. All three earlier petitions bring claims that are identical, or nearly identical, to the claims Petitioner asserts in this case. *Compare* (Pet. [ECF No. 1]), *with* Pet., *Krome*, Case No. 1:26-cv-23285-AHS (S.D. Fla. May 8, 2026), Dkt. No. 1; Second Pet., *Krome*, Case No. 1:26-cv-23285-AHS, Dkt. No. 11 (S.D. Fla. Aug. 25, 2026); Pet., *Moreno Gonzalez*, Case No. 1:26-cv-25871-BB, Dkt. No. 1.

Section 2241 petitions are not subject to the "gatekeeping requirement" that strips the Court of jurisdiction over unauthorized second or successive habeas corpus petitions. *See Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1350 (11th Cir. 2008). Section 2241 *claims*, on the other hand, "are subject to threshold dismissal" under 28 U.S.C. § 2244(a). *See id.* at 1352. Under § 2244(a), the Court is not "required to entertain" a § 2241 petition "if it appears" a federal court has already decided the claims within it "on a prior application for a writ of habeas corpus." *See* 28 U.S.C. § 2244(a). Here, although Petitioner's earlier § 2241 claims were decided in a previous petition, they were denied as premature. *See Krome*, Case No. 1:26-cv-23285-AHS, Dkt. No. 10. For that reason, § 2244(a) does not prohibit them.

Even so, it would strain limited judicial resources and risk inconsistent judgments were the Court to adjudicate the Petition in this case. Although the court has not yet evaluated Petitioner's Petition in case number 1:26-cv-25871-BB to determine whether it adequately states a claim, Petitioner's habeas proceedings are further along in that earlier-filed case. For that reason, the Court will dismiss this Petition with prejudice. *See McNair v. Johnson*, 143 F.4th 1301, 1306 (11th Cir. 2025) (recognizing the court's power to dismiss a habeas petition, "with or without prejudice," under its inherent authority). Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, [ECF No. 1], is **DISMISSED WITH PREJUDICE**.
2. The Clerk is **DIRECTED** to mail a copy of this Order to Petitioner.
3. This Case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 21 day of September 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record
Movant, pro se